William Bouris, Plaintiff-Appellee, v. William Largent, et al., and Arlann Lake Home Owners Association, a Corporation, Defendants-Appellants.

Gen. No. 66–100.

Third District.

January 18, 1968.

Rehearing denied and opinion modified April 26, 1968.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellants.

Mathis, Sloan & Littler, of Peoria, and Sidney D. Davidson, of Peoria, for appellee.

STOUDER, P. J.

Plaintiff-Appellee, William Bouris, commenced this action in the Circuit Court of Tazewell County against William Largent, John Clark, Robert Taylor and Arlann Lake Home Owners Association, Defendants-Appellants, seeking a mandatory injunction to require Defendants to remove a dam. Defendants counterclaimed for the cost of building the dam. The trial court, sitting without a jury, determined the issues in favor of Plaintiff on his

complaint and against Defendants on their counterclaim and the Defendants have appealed from these judgments.

Subsequent to our decision affirming the action of the trial court a petition for rehearing was filed with this court. Although we find no reasons for granting such rehearing and such petition is accordingly denied we have modified our opinion in some respects.

Defendants are the owners of improved, subdivided property abutting on Lake Arlann, a small lake in Tazewell County. In 1958–1959, Plaintiff purchased a tract of land lying generally south of Lake Arlann. A body of water known as South Lake is located on this tract. An area of about thirty feet separates the two lakes which area is characterized variously as a causeway, bank, channel or dam. In December, 1963, Defendants caused an earthen dam to be constructed on their land across the southern portion of Lake Arlann and it is the construction of the dam which precipitated this controversy. The natural flow of water in the area is from north to south and the purpose and effect of the dam was to withhold water in Lake Arlann thereby increasing its level about one foot and decreasing the level of water in South Lake. Prior to the construction of the dam a portion of Plaintiff's property abutted Lake Arlann and formed a portion of the south bank thereof. After the construction of the dam the property of Plaintiff no longer abutted on Lake Arlann.

In seeking to reverse the judgments of the trial court, Defendants do not contend that there was any error in the admission of evidence or in specific rulings of the court but that the trial court misapplied the law to the facts. The principal issues arise from the relation of the two lakes and the rights of the property owners incident thereto.

The first question we shall consider is whether the Plaintiff has a right to the unobstructed flow of water from the main body of Lake Arlann. There is no doubt that the dam interfered with the free flow of water.

Whether it is claimed that the effect and purpose of the dam is that of maintaining the level of water or some other purpose, the purpose and effect is lawful only if and to the extent that it does not violate the rights of others. We believe that the rights of the parties may be appropriately resolved by applying the principles applicable to riparian rights. The bodies of water are more or less permanent in nature and to a large extent the water has lost its character as surface drainage. The riparian rights of a shore owner have been defined as the right of accretion and right of access to the water from the land. Miller v. Lincoln Park Com'rs, 278 Ill 400, 116 NE 178, and Bowes v. City of Chicago, 3 Ill2d 175, 120 NE2d 15. The right of access to the water includes the right to use such water. The riparian rights of property owners abutting on the same body of water are coequal. Such rights being equal, the general rule is that no riparian owner can exercise his riparian rights in such a way as to prevent the exercise of the same right by the owners of other riparian rights. That this principle cannot be applied in the literal sense is obvious. To the extent that there is any use of water by one, such use diminishes the quantity or quality of a like use by another. Tetherington v. Donk Bros. Coal & Coke Co., 232 Ill 522, 83 NE 1048. Accordingly it is the reasonableness of the use, together with the absence of unreasonable effect upon others, with which we are concerned. Defendants claim there is a distinction between artificial and domestic uses of water and that only in the former case is the reasonableness of the use or the injurious effect on other riparian owners material, (citing Evans v. Merriweather, 3 Scam (4 Ill) 492). Such distinction does not support Defendants' right to maintain the water level in Lake Arlann to the injury of other riparian owners since the use of the water by Defendants is artificial and is not

domestic, natural or necessary within the terms of the Evans case.

■ ■ Defendants also assert that any rights of the Plaintiff must be determined as of 1958–1959, when the Plaintiff acquired his property. We are aware of no authority for such assertion since we believe the general rule to be that the acquisition of property carries with it the rights of the former owners thereof. 93 CJS 1063.

We perceive no misapplication of the law by the trial court to the facts. Defendants' arguments are primarily directed towards issues of fact which were resolved by the trial court in favor of the Plaintiff. Such resolution is amply supported by the evidence.

Each party presented a disinterested witness familiar with the area for more than thirty years and each party introduced aerial photographs purporting to establish the prior relationships of the bodies of water. Donald Potts testified on behalf of Defendants that during the period he was familiar with the area the lakes were separate, that water did not usually and customarily flow between them and except at times of high water the lower lake was dry. Joseph Galvin testified on behalf of Plaintiff that during the period of thirty years during which he was familiar with the area, conditions were to the contrary. He testified that usually and customarily, water flowed freely between the two lakes. In addition he testified that in 1954 he was employed by the Defendants to construct a dam some distance south of the present dam. The dam constructed in 1954 was constructed on the property presently owned by Plaintiff without the consent or authority of Plaintiff's predecessor in title. Galvin testified that the then owner of the property came to the work site and threatened to arrest him for trespass but did not do so because the witness's crane had been removed from the job site an hour before.

■ It appears that the 1954 dam washed out by natural causes in either 1960 or 1961 and the present dam, constructed in December, 1963, is located some twenty feet north of the south boundary line of Defendants' property. We believe that such evidence amply supports the conclusion of the trial court that prior to the construction of the dam, water freely flowed between the bodies of water and that the dam was an unreasonable interference or obstruction of such flow.

The judgment of the trial court is also supported by evidence that the construction of the dam at its present location was violative of plaintiff's rights. One of Defendants' own witnesses testified that when the Defendants' property was surveyed, prior to construction of the dam, it appeared that the southern property line of the Defendants went through the waters of Lake Arlann and the rods designating such property line were partly submerged.

■ The riparian right of access to a body of water depends on whether the property touches the water thereby enabling access to the water to be gained without going over property of others. Such right of access does not depend upon ownership of or title to the submerged land. Consequently such right is not affected by description of the property unrelated to the body of water. It is only necessary that the description of the property include or encompass the shore line. In this respect the riparian right of access differs from the riparian right of accretion, the latter right not extending beyond the boundaries of the property where ownership of the property beyond such boundaries is calimed by another. Bristol v. Carroll County, 95 Ill 84.

The sole issue before us is whether defendants had the right to reconstruct the dam. We have determined that issue in favor of plaintiff. It follows that if the Defendants had no right to construct the dam the Plaintiff is not liable for the costs thereof and the counterclaim was

properly dismissed for want of equity. Finding no errors in the judgments of the Circuit Court of Tazewell County said judgments are affirmed.

Judgments affirmed.

ALLOY, P. J. and SCHEINEMAN, J., concur.